# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

LAURITA SULLIVAN and CARLOS BRYANT, )
on behalf of themselves and all others )
similarly situated, )
) 
Plaintiffs, )
)
v. )          C.A. No.
)
SLEEPY'S LLC; )
MATTRESS FIRM, INC.; )
)
Defendants. )

### PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiffs Laurita Sullivan and Carlos Bryant (collectively, the "Plaintiffs") and all

other similarly situated individuals employed by Mattress Firm, Inc., and/or Sleepy's LLC

(collectively, the "Defendants" and/or "Mattress Firm"), for their class action complaint and jury

demand, state as follows:

### PARTIES

1.      The Plaintiff Laurita Sullivan ("Ms. Sullivan") is an individual residing in Mendon

MA. The Defendants employed Ms. Sullivan at a number of their stores including, but not limited

to, Milford, MA; Wellesley, MA; Natick, MA; Westborough, MA; and Franklin, MA from in or

about November 2014 until in or about August 2015 as an inside sales employee who was paid on a

100% commission basis.

2.      The Plaintiff Carlos Bryant ("Mr. Bryant") is an individual residing in Hyde Park,

MA. The Defendants employed Mr. Bryant at, but not limited to, their stores in Boston, Milton,

Quincy, Marshfield, Dedham and Quincy from in or about March 2015 until in or about December

2016 as an inside sales employee who was paid on a 100% commission basis.

3.      The Defendant Sleepy's LLC is a foreign Limited Liability Corporation with a

principal office located at 100 South Oyster Bay Road, Hicksville, New York, 11801.

4.    The Defendant Mattress Firm, Inc. is a foreign profit corporation with a principal office located at 10201 South Main Street, Houston, TX 77025.

## JURISDICTION

5.    This action arises under Massachusetts General Laws c. 149, §§ 148, 150; c. 151, §§ 1, 1A-1B.

6.    The Court has original jurisdiction over this action, as it is a civil action where more than $25,000 is in controversy.

7.    In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wage and Workplace Complaint Forms were filed by the Plaintiffs with the Massachusetts Office of the Attorney General prior to initiating this action.

8.    Lastly, venue in the Business Litigation Session is proper, as the matter concerns complex wage and hour issues that affect a large number of the Defendant's former and current inside sales employees.

## FACTS

9.    Mattress Firm has retail stores located throughout Massachusetts.  Mattress Firm uses these stores to sell commodities at retail to the general public, i.e. mattresses.  The furniture that Mattress Firm sells is not for resale.

10.    Mattress Firm is a retail business.

11.    The Plaintiffs and all other similarly situated inside sales employees regularly engaged in inside sales for Mattress Firm.  Specifically, the Plaintiffs and all other similarly situated inside sales employees sold and/or sell furniture products to Mattress Firm customers in person at Mattress Firm retail stores.

12.    During the three (3) years preceding the filing date of this complaint, the Defendants have employed more than 40 (forty) different people as inside sales employees in Massachusetts.

13. At any given time, Mattress Firm employs 40 (forty) or more people in the same position that the Plaintiffs held as inside sales employees in Massachusetts.

14. On any given day, Mattress Firm employs seven (7) or more people in the same position that the Plaintiffs held as inside sales employees working from one of its stores in Massachusetts.

15. Mattress Firm has and/or had a company-wide policy of not paying the Plaintiffs, and other similarly situated inside sales employees, regularly working from its stores, an hourly rate or salary Mattress Firm only paid and only pays the Plaintiffs, and other similarly situated inside sales employees' commissions based on sales made.

16. At all relevant times, the Plaintiffs and other similarly situated inside sales employees worked for Mattress Firm as inside sales employees.

17. At all relevant times, the Plaintiffs and other similarly situated inside sales employees engaged solely in generating sales of Mattress Firm products.

18. The Plaintiffs and other similarly situated inside sales employees worked and/or work more than 40 (forty) hours a week. Indeed, they were scheduled to work more than 40 (forty) hours each week.

19. Mattress Firm had and/or has knowledge that the Plaintiffs and other similarly situated inside sales employees worked and/or work more than 40 (forty) hours each week.

20. At no point during the Plaintiffs' employment did Mattress Firm, or any agent of it, ever inform the Plaintiffs, or other similarly situated inside sales employees, in writing or otherwise, that they were not permitted to work more than 40 (forty) hours in a week.

21. Mattress Firm had a company-wide policy of not paying the Plaintiffs, or any other similarly situated inside sales employees, an hourly rate equal to one and one-half times their

3

regular hourly rate for all the hours that they worked in excess of 40 (forty) during the many weeks

of their employment for Mattress Firm that they worked more than 40 hours.

22.     During multiple weeks that the Plaintiffs, and other inside sales employees worked

for Mattress Firm, the company failed to pay them an hourly rate equal to one and one-half times

their regular hourly rate for all of the hours that they worked in excess of 40 (forty) during a pay

period in violation of M.G.L. c. 151, § 1A, 454 CMR 27.03(3), and/or 29 C.F.R. § 778.117.

23.     Mattress Firm has and/or had a company-wide policy to credit commissions and/or

bonuses toward overtime compensation that the Plaintiffs and other inside sales employees were

entitled to receive for hours that they worked in excess of 40 (forty) during multiple weeks.

24.     Specifically, it is Mattress Firm's company-wide practice and policy to not pay the

Plaintiff, and other inside sales employees, additional compensation equal to one and one half times

their regular hourly rate for each hour that they worked in excess of 40 (forty) during any given

week if the commissions that the Plaintiffs, or other inside sales employees, earned in that particular

pay period equaled or exceeded the total minimum wages – including overtime compensation – that

the Plaintiff and other inside sales employees were entitled to receive.

25.     During multiple weeks, Mattress Firm scheduled and/or schedules the Plaintiffs and

its other similarly situated inside sales employees to work on Sunday.

26.     During multiple weeks, the Plaintiffs and all other similarly situated inside sales

employees worked on Sunday.

27.     Despite being a retailer, Mattress Firm had and/or has a company-wide policy to not

pay the Plaintiffs and its other similarly situated inside sales employees an hourly rate equal to one

and one-half times their regular hourly rate for all of the hours that they worked on Sundays.

## COUNT I
### VIOLATIONS OF M.G.L. c. 149, §§ 148, 150; c. 151, § 1A-1B

28.     The Plaintiffs incorporate paragraphs 1 through 27 above as if fully set forth herein.

4

29.     Pursuant to M.G.L. c. 151, § 1A-1B the Defendant was required to pay the Plaintiffs, and all similarly situated inside sales employees, an hourly rate equal to one and one-half times their regular hourly rate for all the hours that they worked in excess of 40 (forty) during any given week.

30.     As detailed above, the Plaintiffs, and all the other similarly situated inside sales employees, regularly worked over 40 (forty) hours each week.

31.     The Defendants did not and/or does not pay the Plaintiffs, and all other similarly situated inside sales employees, for the hours that they work in excess of 40 (forty) during any given week at an hourly rate equal to one and one-half times their regular rate of pay, or even their regular rate of pay, when such wages were due and payable under M.G.L. c. 149, § 148.

32.     As a direct result of the failure by the Defendants to fully and timely compensate the Plaintiffs, and all other similarly situated inside sales employees, for all the hours that they worked in excess of 40 (forty) during any given week when the wages for those hours were due and payable, they have lost wages and suffered damages in amount to be proven at trial, including treble damages, statutorily prescribed interest, costs, and, attorneys' fees.

## COUNT II
### VIOLATIONS OF M.G.L. c. 149, §§ 148, 150; c. 151, § 1A-1B

33.     The Plaintiffs incorporate paragraphs 1 through 32 above as if fully set forth herein.

34.     Pursuant to M.G.L. c. 136, the Defendants were required to pay the Plaintiffs and all other similarly situated inside sales employees an hourly rate equal to one and one half times their regular hourly rate for each hour that they worked on a Sunday.

35.     As described above, the Defendants regularly failed to pay the Plaintiffs and other similarly situated inside sales employees an hourly rate equal to one and one half times their regular hourly rate for each hour that they worked on a Sunday when such wages were due and payable under M.G.L. c. 149, § 148 and c. 151, § 1A.

5

36.     As a direct result of the failure by the Defendants to fully and timely compensate the Plaintiffs and all other similarly situated inside sales employees for all of the hours that they worked on Sundays when the wages for those hours were due and payable under M.G.L. c. 149, § 148 and c. 151, § 1A, they have lost wages and suffered damages in an amount to be proven at trial, including treble damages, interest, costs, reasonable attorneys' fees and further consequential damages.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs, and all similarly situated employees, pray that the Court:

i.      Enter judgment on Counts I and II and award treble damages, attorneys' fees, costs, and statutorily prescribed interest;

ii.     Such other and further relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a jury trial on all issues so triable.

> PLAINTIFFS LAURITA SULLIVAN AND
> CARLOS BRYANT,
>
> On behalf of themselves and all others similarly
> situated,
>
> By their attorneys,
>
> James Livingstone BBO #640536
> John Regan BBO #684326
> The Employee Rights Group, LLC
> 43 Bowdoin Street, Ste. A
> Boston, MA 02114
> T: (857) 277-0902
> F. (857)401-3023
> jay@maemployeerights.com
> jregan@maemployeerights.com

Dated: SEPTEMBER 11, 2017.