UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12009-RGS

LAURITA SULLIVAN and CARLOS BRYANT,
on behalf of themselves and all others similarly situated

v.

SLEEPY'S LLC; MATTRESS FIRM, INC.

ORDER ON PARTIES' JOINT MOTION
TO CERTIFY TWO STATE LAW QUESTIONS OF FIRST IMPRESSION
TO THE MASSACHUSETTS SUPREME JUDICIAL COURT

STEARNS, D.J.

Plaintiffs are former 100% commission sales employees working for Sleepy's LLC, which is in the business of selling mattresses. They have asserted claims on behalf of themselves and all others similarly situated, alleging that Sleepy's violated M.G.L. c. 149, §§ 148, 150 (the "Massachusetts Wage Act"), M.G.L. c. 151, §§ 1A-1B (the "Massachusetts Overtime Laws"), and M.G.L. c. 136, § 6(50) ("Sunday Pay Law"), by failing to pay their employees overtime and Sunday premium pay. In a recent filing with this court, *see* Dkt # 42, the parties have stipulated, in response to the court's rejection of an earlier request for certification that appeared to seek an advisory opinion from the Supreme Judicial Court when key facts were still in dispute in the case, that "[d]uring the relevant time, both of the Plaintiffs

1

were scheduled to work and worked more than forty hours in at least one work week and both also worked on at least one Sunday," *id.* ¶ 7, and that Sleepy's "did not pay Plaintiffs any additional compensation besides the daily draw and commissions." *Id.* ¶ 6.

A federal district court sitting in diversity may seek to predict a future dispositive ruling of the highest court of a state in its jurisdiction when there is no extant state court precedent addressing the issue. *See Norton v. McOsker*, 407 F.3d 501, 506 (1st Cir. 2005). However, where "the path of state law is sufficiently undeveloped, or the correct answer to the question before [it] sufficiently unclear, so as to make such prophetic action unwise, [a court] may instead choose to certify such questions to the highest court of the state." *Showtime Entm't, LLC v. Town of Mendon*, 769 F.3d 61, 79 (1st Cir. 2014). Here, the parties have represented, and the court is satisfied, that there is no controlling SJC precedent that clearly delineates the relationship between 100% commission sales employees and the overtime and Sunday premium laws. With the parties having stipulated that the issue is likely to be dispositive – the defendants having conceded that the plaintiffs have worked for than 40 hours per week on at least one occasion and have worked on at least one Sunday – the court hereby <u>ALLOWS</u> the Joint Motion to Certify.

## ORDER

Pursuant to Supreme Judicial Court Rule 1:03, the following two questions of state law are certified by this court to the Supreme Judicial Court of Massachusetts:

> 1. If a 100% commission inside sales employee works more than forty hours in a given work week, is the employee entitled to any additional compensation specifically for overtime hours worked when the employee's total compensation (through draws and commissions) for that workweek is equal to or greater than 1.5 times the employee's regular rate or at least 1.5 times the minimum wage for all hours worked over 40 hours in a workweek? If additional compensation is due, what is the employee's regular rate for purposes of calculating overtime pay?
>
> 2. If a 100% commission inside sales employee works on a Sunday in a given work week, is the employee entitled to any additional compensation for Sunday premium pay when the employee's total compensation (through draws and commissions) for that workweek compensates the employee in an amount equal to or greater than 1.5 times the employee's regular rate or at least 1.5 times the minimum wage for all Sunday hours worked? If additional compensation is due, what is the employee's regular rate for purposes of Sunday premium pay?

This court also welcomes the advice of the Supreme Judicial Court on any other questions of Massachusetts law it deems material to this case.

The Clerk of this Court is directed to forward to the Supreme Judicial Court, under official seal, copies of this Memorandum and Order and the entire record of this case.

SO ORDERED.

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE