UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURITA SULLIVAN AND CARLOS BRYANT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SLEEPY'S LLC; MATTRESS FIRM, INC.,<br><br>Defendants. | C.A. No. 17-cv-12009-RGS |

## STIPULATION OF SETTLEMENT AND RELEASE

This stipulation of class action settlement and release ("Agreement") is entered into by and between Plaintiffs Laurita Sullivan and Carlos Bryant ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Sleepy's LLC and Mattress Firm, Inc. ("Defendants") (collectively, the "Parties"), to voluntarily and completely settle and resolve the above captioned matter (the "Action") on the following terms:

**Recitals**

1.  On or about September 11, 2017, Plaintiffs filed a civil complaint in the Superior Court of Massachusetts, County of Suffolk, captioned as *Laurita Sullivan and Carlos Bryant, on behalf of themselves and all others similarly situated, v. Mattress Firm, Inc.*, Civil Docket No. 17-CV-02898-BLS2. On or about October 16, 2017, Defendants removed the case to the United States District Court for the District of Massachusetts.

2. The Complaint in the Action alleges claims on behalf of Plaintiffs and a putative class of other former employees employed at Sleepy's stores in Massachusetts of alleged nonpayment of overtime and Sunday premium pay in violation of M.G.L. c. 149, §§ 148, 150 and M.G.L. c. 151, § 1A-1B.

3. On June 6, 2018, the United States District Court (Stearns, J.) certified two questions of law to the Supreme Judicial Court. By Opinion dated May 8, 2019, the Supreme Judicial Court answered those certified questions. (SJC-12542).

4. On or about June 19, 2019, the parties attended an in-person mediation session with Mark Irvings, an experienced mediator. Note: Prior to the certification of legal questions to the Supreme Judicial Court, the parties had attended another mediation session with Mr. Irvings.

5. As part of the mediation process, Defendants provided Plaintiffs' Counsel with information relating to Defendants' calculations relating to the range of potential damages that would be recoverable by the putative class in the Action.

6. At the June 19, 2019 mediation session, the Parties reached an agreement to settle the Action on the terms identified in this Agreement.

7. In agreeing to the settlement embodied in this Agreement, Plaintiffs and their counsel have considered: (i) the facts developed during their investigation of the Action and the law applicable thereto, (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action, and (iii) the desirability of permitting the settlement to be consummated according the terms of this Agreement; and have concluded that the terms and conditions of the settlement and this Agreement are fair,

reasonable, and adequate, and in the best interests of Plaintiffs and Settlement Class (as defined below).

8. Defendants deny the material allegations in the Action, including all allegations of wrongdoing, fault, liability or damage to Plaintiffs, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that they acted improperly in any way, believe that they acted properly at all times, and believe the Action has no merit, but they are entering into this Agreement because the proposed settlement would eliminate the burden, risk, and expense of further litigation. The Agreement and the settlement of the Action are not and shall not in any way be construed as an admission or evidence of any violation by Defendants of any acts for which liability may attach.

9. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, transferees and assigns, and upon any corporation or other entity with which any party hereto may merge, consolidate or reorganize.

**Definitions**

10. The following terms are defined as follows for purposes of this Agreement:

 a. "Court" means the United States District Court for the District of Massachusetts.

 b. "Defendants" means Sleepy's LLC and Mattress Firm, Inc., as well as their past and present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, managers, officers, directors,

partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, insurers, reinsurers, heirs, successors and assigns.

c. "Defendants' Damages Estimates" means the estimates, which were prepared by counsel for Defendants and provided to Plaintiffs' Counsel on February 12, 2018, of the maximum potential damages of the Settlement Class for both overtime and Sunday pay claims.

d. "Effective Date" means thirty five (35) days following the date of Final Approval (as defined below), provided there are no appeals of the Court's order granting Final Approval, or upon the final disposition of any appeal that has the effect of affirming the order in its entirety.

e. "Fairness Hearing" means the hearing before the Court to consider the fairness of the settlement. Pursuant to the timetable set forth in the Agreement, the Parties will request that the Court schedule the Fairness Hearing no earlier than December 16, 2019.

f. "Final Approval" means an order endorsed by the Court after the Fairness Hearing that finally and unconditionally grants Plaintiffs' Motion for Final Settlement Approval.

g. "Mailing" means the initial or re-mailing by the Settlement Administrator of the notice, tax forms and opt-out forms to Settlement Class Members.

h. "Plaintiffs' Counsel" means Jay Livingstone and John Regan of The Employee Rights Group, LLC, who shall serve as counsel for the Settlement Class (as defined below).

i.      "Settlement Administrator" means Optime Administration, LLC, a third-party organization that shall be responsible for the administration of the settlement, including issuing notices, issuing tax and claim forms, withholding and payment of taxes, opening and maintaining a Qualified Settlement Fund ("QSF"), and making distributions to the Settlement Class Members, as authorized by the Court. The duties of the Settlement Administrator are defined in more detail below.

j.      "Settlement Class" means a class to be certified for the purposes of settlement of this matter and comprised of all individuals who worked as commission sales employees at Sleepy's stores in Massachusetts during the time period from September 11, 2014 to October 22, 2016.

**Terms**

11.    <u>Notice to Class and Court Approval</u>: The Parties agree to cooperate to provide notice to the Settlement Class and seek Court approval of this proposed settlement as follows:

a.      Plaintiffs shall seek preliminary approval of the settlement, authorization to issue notice to the Settlement Class Members, and a date for a Fairness Hearing in a motion to be filed on July 31, 2019. Plaintiffs' Counsel shall be responsible for preparing and filing the motion for preliminary class settlement approval, along with the agreed upon proposed notice, opt out and objection forms annexed hereto as Exhibits A-C, subject to review and approval by Defendants' counsel.

b.  Defendants shall send out notices pursuant to 28 U.S.C. §1715((b) to all appropriate State officials within ten (10) days after the filing of the motion for preliminary class settlement approval.

c.  Defendants shall provide the Settlement Administrator and Plaintiffs' Counsel with the names, last known addresses and social security numbers for all Settlement Class Members within twenty-one (21) days after the Court issues its preliminary approval order. Within that same time frame, Defendants will also provide the Settlement Administrator and Plaintiffs' Counsel with Defendants' Damages Estimates for both overtime and Sunday pay.

d.  The Settlement Administrator shall send the notices, opt-out and objection forms to all Settlement Class Members by first class mail within fourteen (14) days after receiving the names and last known addresses for all Settlement Class Members. In the event the Settlement Administrator receives returned notices due to incorrect or out-of-date addresses, the Settlement Administrator shall, within twenty one (21) days of receiving the returned notice packet, forward such returned notice packets by first class mail to any new or updated address that may become available.

e.  Settlement Class Members will have forty five (45) days from the date of the Mailing to return completed opt-out forms or written objections to the settlement to the Settlement Administrator. To be considered timely, such forms or written objections must be received by the Settlement Administrator, if delivered by means other than United States First Class Mail, or postmarked, by a date certain to be specified on the notice, which will be forty-five (45) calendar

days after the Settlement Administrator sends out the Mailing. The Parties may file written responses to any objections received prior to the Fairness Hearing. Plaintiffs represent and agree that they will not opt out of or object to the settlement.

f. The parties will act in good faith to achieve maximum notice and participation from the class.

g. Plaintiff shall seek final approval of the settlement at a Fairness Hearing to take place on a date designated by the Court. Within fourteen (14) days after the expiration of the Settlement Class Members' deadline for returning opt-out forms and objections, Plaintiffs' Counsel shall prepare and file a motion for final settlement approval, subject to approval by Defendants' counsel.

12. <u>Gross Settlement Fund</u>: Defendants agree to pay the total sum of three million nine hundred thousand dollars ($3,900,000) to settle this matter (the "Gross Settlement Fund"). The Gross Settlement Fund shall represent Defendants' total obligation to Plaintiffs, the Settlement Class, and Plaintiffs' Counsel, and shall include payments to Settlement Class Members, incentive payments to Plaintiffs, the costs of administering the settlement, all attorneys' fees and costs, and Defendants' share of payroll taxes. Defendants will pay all fees required by the Settlement Administrator to administer the settlement prior to the Effective Date of the settlement. Such amounts will be deducted from the Gross Settlement Fund. Within fourteen (14) days after the Effective Date of the Settlement, Defendants shall fund the Gross Settlement Fund in consideration for the dismissal with prejudice of the Action and in full and complete satisfaction of the claims alleged by Plaintiffs, on behalf of themselves and the Settlement

Class. Subject to approval by the Court, the Gross Settlement Fund shall be distributed as follows:

    a.    $1,300,000 in attorneys' fees to be paid without deductions either by check or by wire transfer, and to be reported in an IRS Form 1099 at the appropriate time;

    b.    $97,500 as costs for the retention of Dundon Advisors, LLC as bankruptcy advisers regarding Mattress Firm Inc.'s, Chapter 11 bankruptcy filing in or about September 2018.

    c.    $2,400 as costs for the retention of Mark Irvings for mediation on or about February 26, 2018.

    d.    $280 as costs for the filing fee and summons associated with this matter's filing on or about September 11, 2017.

    e.    $20,000 as an incentive payment to each of the Plaintiffs, which shall be paid without deductions, and which shall be reported on an IRS Form W-2 at the appropriate time;

    f.    The actual costs of engaging the Settlement Administrator and establishing the QSF, which should not exceed $10,000.00. In the unlikely event such costs do exceed $10,000.00, such excess shall come from the Gross Settlement Fund and will not require additional funds from the Defendants;

    g.    The remainder ("Net Settlement Fund") will be distributed to the Settlement Class Members pursuant to the formula set forth in paragraph 13; and

    h.    Any amounts remaining after distribution to the Settlement Class shall be distributed to the cy pres recipient as set forth in paragraph 16(e).

13. <u>Calculation of Settlement Shares</u>: The Net Settlement Fund will be distributed to Settlement Class Members based upon the following formula: Each Settlement Class Member will receive his or her pro rata share of the Net Settlement Fund based on his or her combined pro rata share of Defendants' Damages Estimates for overtime and Sunday pay, as referenced in Paragraph 11(c).

14. <u>Settlement Administrator</u>: Defendants' Counsel shall be responsible for retaining Optime Administration, LLC as Settlement Administrator to serve as the administrator of the settlement and perform services including, without limitation, dissemination of notices to Settlement Class Members, distribution of fees and costs, distribution of awards from the Settlement Fund to Settlement Class Members, employer tax payments and tax reporting related to the settlement payments, and providing notices of the Parties' settlement to governmental authorities as required by law. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out. All costs of administering the Settlement, including all fees and costs paid to the Settlement Administrator shall be paid from the Gross Settlement Fund and shall reduce the amount of the Net Settlement Fund payable to the Settlement Class Members. It shall be the responsibility of the Settlement Administrator to withhold the payroll deductions from the amounts payable to the Settlement Class Members, to pay the payroll taxes from the Gross Settlement Fund, to prepare and deliver any necessary tax documentation for signatures by all necessary parties, and to cause the appropriate informational and other tax return filings to occur.

The Settlement Administrator shall also discharge other duties as required under the terms of this Agreement.

15. <u>Tax Treatment</u>: Payments to the Settlement Class Members shall be allocated 100% as wages subject to appropriate withholdings, for which the Settlement Administrator shall issue IRS Forms W-2. Settlement Class Members, Plaintiff, and Plaintiffs' Counsel shall be responsible for their respective tax obligations and for all other taxes associated with the settlement payments. Defendants make no representation regarding the allocation or tax treatment of the Payments described herein.

16. <u>Settlement Distribution Process</u>: Within fourteen (14) days after Defendants fund the Gross Settlement Fund, the Settlement Administrator shall issue checks to Plaintiffs' Counsel for the incentives and attorney's fees. Settlement payments to Settlement Class Members from the Net Settlement Fund shall be distributed as follow:

   a. No later than fourteen (14) days after Defendants fund the Gross Settlement Fund, the Settlement Administrator shall provide to Plaintiffs' and Defendants' counsel a listing indicating the amounts to be issued to each Settlement Class Member. Counsel shall resolve all objections to the spreadsheet within seven (7) days thereafter.

   b. To receive a share of the Net Settlement Fund, Settlement Class Members do not need to submit a claim form or do anything else to receive a share. Settlement checks will be mailed to those Settlement Class Members who did not opt out of the Settlement Class in a timely manner.

c.      The Settlement Administrator shall distribute the Net Settlement Fund to the Settlement Class Members according to the final agreed upon spreadsheet no later than fourteen (14) days after the spreadsheet is finalized. Settlement Class Members will have ninety (90) days to either return or cash the settlement checks.

d.      All proceeds of the Net Settlement Fund that are not claimed by Settlement Class Members within ninety (90) days after the initial issuance of checks shall be redistributed to the Settlement Class Members in a second round of settlement checks. The Settlement Administrator shall distribute these funds using the same pro rata distribution set forth in Paragraph 13 no later than fourteen (14) days after the expiration of the initial 90-day period. Settlement Class Members will have ninety (90) days to either return or cash the settlement checks sent to them in this second round of distribution.

e.      No portion of the Gross Settlement Fund or Net Settlement Fund shall revert to Defendants. To the extent any residual funds remain following the second distribution of the Net Settlement Fund (*e.g.*, from un-cashed checks), such residual funds shall be held for a period of forty-five (45) days after the expiration of all settlement checks to resolve any disputes that may arise. Five (5) days after that 45-day period has elapsed, all residual funds shall be distributed to Massachusetts Legal Assistance Corporation.

17.     Release of Claims: As of the Effective Date, all claims for relief asserted in the Action shall be dismissed with prejudice and on the merits, with all rights of appeal waived. Such dismissal shall be without attorneys' fees or costs to any Party.

a. <u>Limited Release as to Settlement Class Members</u>: As of the Effective Date, and by operation of the Final Approval, the Settlement Class Members shall be deemed to have released, dismissed, and forever discharged all known and unknown state and federal claims against Defendants, arising from September 11, 2014 through the date of Final Approval, that were or could have been asserted in the Action by Plaintiffs and the Settlement Class relating to Sleepy's pay and record-keeping practices under the Massachusetts Wage Law (M.G.L. c. 149, §§ 148, 150), Massachusetts Minimum Wage Law (M.G.L. c. 151 §§1 and/or the Massachusetts Overtime Law (M.G.L. c. 151, § 1A-1B), and the Fair Labor Standards Act of 1938, including all claims relating to the non-payment of minimum wage, overtime pay, Sunday and holiday pay, and all related common law claims, such as breach of contract and unjust enrichment.

b. <u>General Release as to Plaintiffs</u>: In conjunction with the settlement of the Action, Plaintiffs shall execute a separate General Release releasing and discharging Defendants of any and all charges, complaints, claims, or causes of action of any nature whatsoever, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or have existed upon any theory of law or equity now existing or concerning the existence in the future which they have, claim to have, ever had, or ever claimed to have had against Defendants through the date of execution of this Agreement. The General Release will include any releasable claims under contract law, the regulations and the statutory and common law of any state, including the Commonwealth of Massachusetts, and any federal, state or local statute, ordinance or regulation including, without

limitation, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, as amended, the Fair Labor Standards Act of 1938, the Massachusetts Civil Rights Act, the Massachusetts Equal Rights Act, Massachusetts General Laws Chapters 151 and 151B), as amended, Massachusetts' wage and hour laws (including the Minimum Wage and Overtime Laws), the Family and Medical Leave Act, and the Employee Retirement Income Securities Act, retaliation or whistleblower claims.

18.  <u>Court Approval</u>:  This settlement is conditioned upon approval by the Court.  If the Court does not approve the settlement, the Parties shall cooperate to effectuate approval.  If the Parties are unable to effectuate approval, after making diligent, good faith efforts, the Agreement shall become null and void, and the Parties shall be restored to their respective positions in the Action as they existed immediately prior to the execution of this Agreement.

19.  <u>Resolution of Disputes</u>:  The Parties agree that any disputes that may arise between them during the administration of this settlement shall be brought to the Court.

20.  <u>Reasonable Settlement</u>:  The Parties agree that the allocation of the Gross Settlement Fund set forth in this Agreement is reasonable and that such payments constitute a fair allocation of the Settlement Fund.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient investigation and after consultation with experienced legal counsel.

21. <u>Governing Law and Jurisdiction of the Court</u>: All terms of the Parties' Agreement and the exhibits and schedules hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure and the laws of the Commonwealth of Massachusetts, regardless of its conflicts of laws. In addition, any dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the jurisdiction of the Court, and the Plaintiffs, Settlement Class Members and Defendants agree to submit to the personal jurisdiction of the Court.

22. <u>Counterparts</u>: This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement. Facsimile, electronic or scanned signatures shall have the same effect as original signatures.

23. <u>No Publicity</u>: Plaintiffs and Plaintiffs' counsel agree not to publicize in any way, whether in writing, orally or electronically (including online, web or internet postings, blogs or any other form of public media) to anyone, unless compelled by law, or contact any media organization regarding the fact or terms of this Agreement. In response to media inquiries, they will not discuss the settlement.

24. <u>Defendants' Right Not To Proceed With Settlement</u>: Defendants reserve the right not to proceed with the settlement if 10% or more of the class opts out of the settlement. If Defendants elect their right not to proceed as provided in this paragraph, this Agreement will be rendered null and void, and the Parties shall be restored to their

respective positions in the Action as they existed immediately prior to the execution of this Agreement.

25. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between the Parties relating to the settlement and transactions contemplated hereby. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of this Action.

26. <u>Waiver</u>: The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this. If any Party hereto engages in a material breach of the terms hereof, the other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the breaching Party or sue for enforcement.

IN WITNESS WHEREOF, the Parties, and their counsel, have executed the Agreement effective July 30, 2019.

| PLAINTIFFS LAURITA SULLIVAN and CARLOS BRYANT, | DEFENDANTS SLEEPY'S LLC and MATTRESS FIRM, INC. |
|---|---|
| _____ Laurita Sullivan | _[signature]_____ By: _Nakeyja S. Williams_ |

39455997.1

respective positions in the Action as they existed immediately prior to the execution of this Agreement.

25. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between the Parties relating to the settlement and transactions contemplated hereby. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of this Action.

26. <u>Waiver</u>: The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this. If any Party hereto engages in a material breach of the terms hereof, the other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the breaching Party or sue for enforcement.

IN WITNESS WHEREOF, the Parties, and their counsel, have executed the Agreement effective July 30, 2019.

| PLAINTIFFS LAURITA SULLIVAN and CARLOS BRYANT, | DEFENDANTS SLEEPY'S LLC and MATTRESS FIRM, INC., |
|---|---|
| DocuSigned by: *Laurita Sullivan* (EEA78ADF8F354D9...) <br> Laurita Sullivan | |
| DocuSigned by: *[signature]* (7BCB1CFF492849C...) | By:_____ |

39455997.1