UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURITA SULLIVAN and CARLOS BRYANT, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>SLEEPY'S LLC;<br>MATTRESS FIRM, INC.;<br><br>Defendants. | C.A. No. 1:17-cv-12009 |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

The Court, having reviewed the joint motion for preliminary approval of class settlement agreement (the "Joint Motion"), directing notice to the class, and scheduling a fairness hearing, grants preliminary approval of the settlement and the proposed Plan of Distribution as fair, reasonable, and adequate, and authorizes the following:

a. The Court preliminarily finds and concludes that the Settlement resulted from good faith, arms' length negotiations between the parties, and the Stipulation was agreed to only after counsel for the Plaintiffs conducted investigation and discovery of the facts relevant to the claims asserted in the Action. Accordingly, the Court preliminarily finds and concludes that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and preliminarily approves the Settlement and Stipulation of Settlement and adopts the terms of the Stipulation of Settlement for the purpose of this Order. Capitalized terms used in

this Order that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement.

b. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies a settlement class consisting of all individuals who worked as commission sales employees at Sleepy's stores in Massachusetts during the time period from September 11, 2014 to October 22, 2016.

c. The Court preliminarily finds and concludes that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met for settlement purposes:

(1) The Settlement Class is so numerous that joinder of all members is impracticable;

(2) Based on allegations in the Action, there are questions of law or fact common to the Settlement Class;

(3) Based on allegations in the Action that the Defendants engaged in a uniform practice or policy affecting members of the proposed Settlement Class, the claims of Carlos Bryant and Laurita Sullivan ("Settlement Class Representatives") are typical of the claims of the Settlement Class;

(4) The Settlement Class Representatives and James Livingstone and John Regan from The Employee Rights Group, LLC ("Class Counsel"), will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Settlement Class Representative and the nature of his alleged claims are consistent with those of the members of the Settlement Class, (ii) there appears to be no conflicts between or among the Settlement Class Representative and the Settlement Class; and (iii) the Settlement Class Representative and the members of the Settlement Class are represented by qualified, reputable counsel experienced in prosecuting class actions; and,

(5) Based on the allegations in the Action, issues that are common to the class predominate over any individualized issues of class members.

(6) Based on the allegations in the Action, a class action is the superior means of adjudicating this dispute.

d. The Court approves, in form and content, the Notice of Proposed Class Action Settlement attached as Exhibit B to the Motion, and finds that the giving of notice in the manner specified herein meets the requirements of due process.

e. Within 21 days, the Defendants will provide the Claims Administrator, Optime Administration, LLC, a list of all Class Members and their last known addresses, and the Parties will provide the Claims Administrator a copy of the Settlement Notice and Claim Form as approved by the Court.

f. Within 14 days, the Claims Administrator shall send the Settlement Notice, Opt-out Form, and Objection Form approved by the Court to all Class Members, via First Class U.S. mail, using the most current mailing addresses presently available to the Defendants.

g. If any Settlement Notice is returned to the Claims Administrator without a forwarding address, Claims Administrator shall undertake reasonable efforts to search for the correct address and shall promptly re-mail the Settlement Notices to any newly-found addresses.

h. If any person contacts any of the parties before forty-five (45) days following the date on which the Claims Administrator mails the Settlement Notice to the Class Member (the "Objection Deadline"), claiming that he or she should have been sent a Settlement Notice and should be entitled to participate in the Settlement, that person shall be instructed to submit his or her position in writing to Plaintiffs' Counsel and Defendants' Counsel, together with any documents or other evidence in support of such position. Counsel for the parties shall be promptly notified of any dispute and given access to any documents or other evidence that any person

submits in support of his or her position with respect to the dispute. The Parties shall then attempt to resolve the dispute.

i. A Final Approval Hearing is scheduled for 12-18-2019, at 2:00 p.m in Courtroom 21, Moakley Courthouse, 1 Courthouse Way, Boston, Ma 02210

Dated: July 31, 2019.

RICHARD G. STEARNS
United States District Judge